IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DERRICK ADRIAN JOHNSON, | § | |
| Petitioner, | § § § | |
| V. | § | No. 3:15-cv-640-B-BN |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case was opened by the filing, *pro se*, of a "Petition for 28 U.S.C. § 2255" [Dkt. No. 2] by Derrick Adrian Johnson ("Johnson") and has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference. The undersigned issues the following findings of fact, conclusions of law, and recommendation.

**Background**

On November 7, 2007, a jury found Johnson guilty of one count of bank robbery, in violation of 18 U.S.C. § 2113(a). *See United States v. Johnson*, No. 3:07-cr-257-B (N.D. Tex.), Dkt. No. 48. He was sentenced to 115 months' imprisonment and a three-year term of supervised release. *See id.*, Dkt. No. 55.

On May 8, 2008, Defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255, *see id.*, Dkt. No. 59, which was summarily dismissed without prejudice because his direct appeal was pending, *see United States v. Johnson*, No. 3:08-cv-787-B, 2008

WL 2704422 (N.D. Tex. July 9, 2008).

On December 24, 2008, the United States Court of Appeals for the Fifth Circuit dismissed Defendant's direct appeal at his request. *See* No. 3:07-cr-257-B, Dkt. No. 78.

After that, Defendant filed a motion to vacate, set aside, or correct sentence, which was denied on the merits. *See Johnson v. United States*, No. 3:09-cv-597-B-BF, 2010 WL 3938391 (N.D. Tex. Sept. 20, 2010), *rec. adopted*, 2010 WL 3938392 (N.D. Tex. Oct. 6, 2010), *COA denied*, No. 10-11101 (5th Cir. July 5, 2011), *cert. denied*, 132 S. Ct. 791 (2011).

Defendant then filed a second Section 2255 motion and a Rule 60(b) motion, both of which the Court found to be successive and transferred to the Fifth Circuit for appropriate action. *See Johnson v. United States*, No. 3:13-cv-247-B, 2013 WL 2233962 (N.D. Tex. May 20, 2013).

Defendant has also filed a motion for subpoena, which the Court construed as a successive Section 2255 motion and denied without prejudice to his right to request a subpoena if the Fifth Circuit granted him leave to file a successive Section 2255 motion. *See United States v. Johnson*, No. 3:07-cr-257-B, 2014 WL 3530822 (N.D. Tex. July 16, 2014).

**Legal Standards and Analysis**

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which an individual may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). In order to file a second or successive Section

2255 motion, a movant must show that the motion is based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). That determination must be made by a three-judge panel of the Court of Appeals before a motion is in district court. *Id.* §§ 2244(b)(3), 2255(h).

The appellate certification requirement for a successive Section 2255 motion "acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive [motion to vacate] until [the Fifth Circuit] has granted the [movant] permission to file one." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *accord Williams v. Thaler*, 602 F.3d 291, 301 (5th Cir. 2010); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

Because Defendant has filed multiple prior Section 2255 motions, one of which was denied on the merits, this Court lacks authority to consider the present motion – which is yet another successive Section 2255 motion – unless leave to file is granted by the Fifth Circuit. Because the Fifth Circuit has not issued an order authorizing this Court to consider this successive Section 2255 motion,

> it is appropriate for the Court to dismiss the successive § 2255 motion without prejudice pending review by a three-judge panel of the Fifth Circuit[, but] it is also appropriate to transfer the successive motion to the Fifth Circuit for a determination of whether movant should be allowed to file the successive motion in the district court.

*United States v. King*, No. 3:97-cr-83-D-01, 3:03-cv-1524-D, 2003 WL 21663712, at *1 (N.D. Tex. July 11, 2003) (citing *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997)). Because of Defendant's post-conviction litigation history, set out above, he is well aware of the requirement that he first seek leave from the Court of Appeals before filing a successive Section 2255 motion. As such, and because this appears to be Johnson's fourth successive Section 2255 motion in this Court, "a dismissal without prejudice appears more efficient and better serves the interests of justice than a transfer in this instance." *Id.*

## Recommendation

The Court should dismiss Johnson's current successive Section 2255 motion without prejudice to his right to file a motion for leave to file a successive 28 U.S.C. § 2255 motion in the United States Court of Appeals for the Fifth Circuit under 28 U.S.C. §§ 2244(b)(3)(A) and 2255(h).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written

-4-

objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 20, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE